IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUSTIN VORHEES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-1893 |
| DELAWARE COUNTY SHERIFF, in his official capacity, and DEPUTY WILLIAM CORRY, in his official and individual capacities, | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**Introductory Statement**

1. Following a baseless complaint in August 2018, police officers from the Delaware County Sheriff's Office seized eight legally obtained and lawfully owned firearms, as well as related items, from the residence of Austin Vorhees. This lawsuit, however, does not concern the initial seizure of these items. Rather, at this point, the Delaware County Sheriff's Office has continued to retain possession of Mr. Vorhees's firearms and related items for nearly three years. This is so even though Mr. Vorhees has not been arrested or charged with any crimes, even though his firearms are not suspected to be evidence of any criminal activity, and even though no administrative or judicial proceedings have been initiated that might allow the Delaware County Sheriff's Office to retain possession of Mr. Vorhees's firearms. The retention of Mr. Vorhees's property by the Delaware County Sheriff's Office represents a continuing seizure without cause in violation of the Fourth Amendment to the United States Constitution, for which both the Delaware County Sheriff and Deputy William Corry are liable. Mr. Vorhees is entitled to an injunction requiring

    the immediate return of his property and is also entitled to his damages.

**Jurisdiction, Venue, and Cause of Action**

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Austin Vorhees is an adult resident of Marion County, Indiana.

7. The Delaware County Sheriff is the duly elected Sheriff of Delaware County. He is sued in his official capacity.

8. Deputy William Corry is a duly appointed deputy of the Delaware County Sheriff's Office. He is sued in his official and individual capacities.

**Factual Allegations**

9. Austin Vorhees is a veteran of the United States Army and owns several firearms.

10. Each of the firearms owned by Mr. Vorhees has been legally purchased or given to him, and he is properly licensed to own and to operate these firearms.

11. Mr. Vorhees is legally married. However, he and his wife have been separated since before any of the incidents giving rise to this litigation and have been in prolonged divorce proceedings since November 2018. Throughout this complaint, Mr. Vorhees's wife is therefore referenced as his "estranged wife."

12. In August 2018, while he and his estranged wife were separated and maintained separate

residences—both in Muncie, Indiana—Mr. Vorhees and his estranged wife had a verbal argument at his estranged wife's apartment. After Mr. Vorhees returned to his own residence, his estranged wife made a complaint to law enforcement about him. Although Mr. Vorhees does not know the specifics of this complaint, he believes that his estranged wife informed law enforcement that Mr. Vorhees had firearms inside of his residence and falsely indicated that he presented a danger to himself or others.

13. Shortly after he returned home, Mr. Vorhees was surprised to hear a banging at his door. When he looked outside, numerous police officers—who he now understands to have been from both the Delaware County Sheriff's Office and the Yorktown Police Department—were stationed in riot gear with guns pointed at his front door. Mr. Vorhees contacted his step-brother, who worked at the time and still works for Delaware County's dispatch center, in order to inquire about the situation. After speaking first with his step-brother and subsequently with a sergeant employed by the Delaware County Sheriff's Office, Mr. Vorhees eventually stepped outside of his residence and was promptly taken to the ground.

14. Law enforcement officers then forced entry into Mr. Vorhees's residence and, among other things, seized eight lawfully owned firearms and multiple magazines containing rounds of ammunition. On information and belief, no warrant was ever obtained to enter or search Mr. Vorhees's residence nor was a warrant ever obtained to seize his firearms or related items. Mr. Vorhees did not consent to the forced entry, the search of his residence, or the seizure of his firearms or related items, nor was there any other cause for law enforcement to take these actions. There was certainly no cause to believe that the firearms were evidence of any criminal wrongdoing.

15. This lawsuit, however, does not directly concern the forced entry, search, or seizure that

took place in August 2018. Rather, it concerns the fact that, to this very day, the Delaware County Sheriff's Office has retained possession of Mr. Vorhees's firearms and related items.

16. A few days after the seizure of his firearms and related items, Mr. Vorhees was provided a receipt from the Delaware County Sheriff's Office for the seized items. This receipt, which identifies the items seized and is attached and incorporated herein as Exhibit 1, was signed by Deputy William Corry. The printed form contains boxes for an officer to check to explain when and whether the items may be returned to their owner. The printed boxes indicate "may be returned after processing" and "hold as evidence." Instead of checking one of these boxes, Deputy Corry hand-wrote and checked a third option: "safe keeping."

17. However, this receipt was not provided to Mr. Vorhees by Deputy Corry. Instead, it was provided to Mr. Vorhees by his step-brother, who, as noted, works for the Delaware County dispatch center.

18. At no point were any administrative or judicial proceedings initiated concerning Mr. Vorhees, his firearms, or the Delaware County Sheriff's Office's right to obtain or maintain possession or his firearms or related items.

19. At no point was Mr. Vorhees arrested or charged with a criminal offense, nor was any protective order or similar proceeding initiated against him—either as an independent proceeding or through his ongoing divorce proceeding—that would have allowed his weapons to be retained by law enforcement.

20. On information and belief, the Delaware County Sheriff's Office continues to retain possession of Mr. Vorhees's firearms and related items without cause or other legal justification to do so. This retention of possession represents a continuing seizure without

justification of which the Delaware County Sheriff and Deputy Corry are both aware and have failed to take any action to remedy.

21. Since his firearms and related items were seized, Mr. Vorhees has made numerous attempts to regain possession of his firearms but the Delaware County Sheriff's Office has failed or refused to release his firearms and related items to him.

22. In the summer of 2020, Mr. Vorhees contacted Deputy Corry in order to request the return of his firearms. Deputy Corry informed Mr. Vorhees that he would need to "complete a form" in order to regain possession of his firearms. However, when Mr. Vorhees asked for more information about the form that he needed to complete, Deputy Corry did not even attempt to identify the form that he would need to complete but instead simply informed Mr. Vorhees that he (Deputy Corry) could provide no additional information as doing so would constitute "legal advice" that he was not authorized to provide.

23. Mr. Vorhees then contacted both the Delaware County Prosecutor's Office and the Delaware County Clerk's Office to solicit assistance in regaining possession of his firearms. When he contacted the Delaware County Prosecutor's Office, he was again informed that that office could not provide "legal advice." The Delaware County Clerk's Office was similarly unable to offer assistance.

24. After conducting internet research into the matter on his own, Mr. Vorhees concluded that the "form" that Deputy Corry indicated he would need to complete in order to regain possession of his firearms was not a simple form that would be promptly and easily processed by the Delaware County Sheriff's Office. Instead, he concluded that it was a template form designed to initiate a formal legal action in state court in order to obtain a court order requiring the return of property that has been unlawfully detained. Mr. Vorhees

       does not know why he would be required to initiate a legal action to regain possession of his property given that there was and is no cause for the Delaware County Sheriff's Office to retain possession of his firearms and related items.

25. By counsel, Mr. Vorhees has also twice attempted to contact the attorney for the Delaware County Sheriff's Office in order to solicit assistance in regaining possession of his firearms. These communications have not received a response.

26. As a result of the continued possession of his firearms and related items by the Delaware County Sheriff's Office, Mr. Vorhees has suffered damages.

27. As a result of the actions or inactions of the defendants, the plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

28. At all times, the defendants have acted or refused to act under color of state law.

**Legal Claim**

29. The defendants' possession and retention of the plaintiff's firearms and related items represents a continuing seizure without cause or other legal justification, and therefore violates the Fourth Amendment to the United States Constitution.

**Request for Relief**

       **WHEREFORE,** the plaintiff respectfully requests that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendants have violated the rights of the plaintiff for the reasons described above.

3. Issue a preliminary injunction, later to be made permanent, requiring the defendants to immediately take all necessary steps to return to the plaintiff his firearms and related items.

4. Award the plaintiff his damages.

5. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

                                            Gavin M. Rose
                                            ACLU of Indiana
                                            1031 E. Washington St
                                            Indianapolis, IN 46202
                                            317/635-4059
                                            fax: 317/635-4105
                                            grose@aclu-in.org

                                            *Attorney for the plaintiff*